IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:

JEFFREY JOHNSON            CASE NO. 17-10037-SAH
                                                     CHAPTER 7

Debtor(s).

AMENDED RESPONSE TO MOTION FOR RELIEF FROM STAY
FILED BY WILMINGTON SAVINGS FUND
WITH BRIEF IN SUPPORT, NOTICE OF HEARING
AND CERTIFICATE OF SERVICE

COME NOW the Debtor, Jeffrey Johnson, (hereinafter referred to as "Debtor"), by and through his attorney of record, Robert C. Newark, III, and hereby response to the Motion for Relief of Stay filed on behalf of Wilmington Savings Fund Society (Doc No. 8). In support of this response, Debtor state as follows:

1. Debtor entered a Note with ABN AMRO Mortgage Group, Inc. on or about June 5, 2002.

2. Said Note was secured by a mortgage which was recorded with the Oklahoma County Clerk's Office.

3. Assignments of mortgage were recorded which purports to eventually transfer the mortgage to the Movant.

BRIEF IN SUPPORT

I. Movant has not established standing to bring action.

It is well established that a movant must prove standing by showing (1) injury in fact; (2) a casual connection between the injury and the defendant's conduct; and (3) a likelihood that a favorable outcome will redress the injury. See Lujan v. Defenders of Wildlife, 504 U.S> 555, 560-61(1992). "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay" if the party in interest has made the appropriate showing to obtain such relief. 11 U.S.C. § 362(d). While the term party in interest is not defined, the Court is clear that the term must be a creditor or debtor. In re Miller, 666 F.3d 1255, 1260-62 (10th Cir. 2012).

In the case at bar, there is some question as to whether Movant is the party in interest in this matter. As evidenced by the Note, the note was purportedly transferred. in blank. The assignment of mortgage attached by Movant to its motion says that the mortgage was transferred from Mortgage Electronic Registration System, Inc. to the Movant. Such an assignment occurred less than one year ago. Debtor requests that Movant be required to produce the original note that has been purported to be in their possession and that they received.

II. No evidence produced that Movant is harmed

Movant has made statements in its motion that state there is no equity in the home or that Debtor are behind on their mortgage. No evidence, i.e. payment history from Movant, land records from Oklahoma County Assessor's Office, and an appraisal by Movant of property was attached to the Movant. Rather, Movant has made statements which are not supported by any evidentiary items. Therefore, Debtor requests that Movant's motion be denied because of that lack of evidentiary support.

**WHEREFORE**, premises considered, the Debtor prays that the Movant's motion be denied and that Movant be ordered to pay attorney's fee and cost associated with the filing of this action.

                            Respectfully Submitted,

                            /s/Robert C. Newark, III
                            Robert C. Newark, III
                            Okla. Bar No. 21992
                            Newark Law Offices
                            P.O. Box 30491
                            Oklahoma City, OK  73140
                            Telephone No. (405)727-0269
                            Facsimilie No. (405)458-8072
                            Email:  rcnewark@icloud.com
                            Attorney for Debtors

### NOTICE OF HEARING

**YOU ARE HEREBY NOTIFIED** that the Motion for Relief of Stay is **set for hearing** on **February 15, 2017 at 9:30 a.m.** before the Honorable Sarah A. Hall, Judge of the United States ruptcy Court for the Western District of Oklahoma, **215 Dean A. McGee, 9th Floor Courtroom, Oklahoma City, Oklahoma**.

**NOTICE IS FURTHER GIVEN** that a copy of this Notice was mailed to all parties as shown on the Certificate of Mailing herein.

CERTIFICATE OF SERVICE

      This is to certify that on the 7th day of February, 2017, a true and correct copy of the foregoing instrument, filed on February 7, 2017, was forwarded by electronic notification to the following:

Lyle R. Nelson
lyle@lylenelsonlaw.com; ok04@ecfbis.com; lrnelson@ecf.epiqsystems.com

Matthew J. Hudspeth on behalf of Movant
bmyers@baer-timberlake.com; kjones@baer-timberlake.com

Robert C Newark, III on behalf of Debtor Jeffrey Johnson
okwbecf@gmail.com, rcnewark@icloud.com


United States Trustee
Ustpregion20.oc.ecf@usdoj.gov

                                                      /s/Robert C. Newark, III
                                                      Robert C. Newark, III