## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| **JOHNSON, Jeffrey L.,** | ) | **BK-17-10037-SAH** |
| | ) | **Chapter 7** |
| **Debtor.** | ) | |

## MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)(1) BASED ON THE TOTALITY OF CIRCUMSTANCES UNDER 11 U.S.C. § 707(b)(3) <u>AND NOTICE OF OPPORTUNITY FOR HEARING</u>

### I. NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document**. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 21 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. **The 21 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

### II. MOTION

The United States Trustee ("**UST**") respectfully moves this Court for an order dismissing this chapter 7 case pursuant to section 707(b)(1) of the Bankruptcy Code[1] based upon the totality of circumstances under section 707(b)(3).  In support of this motion, the UST states:

**FACTUAL BACKGROUND:**

1.      The debtor, Jeffrey L. Johnson ("**Debtor**"), commenced this case by filing a voluntary bankruptcy petition on January 6, 2017, seeking relief under the provisions of chapter 7

---

[1]      Unless otherwise indicated, all statutory references shall refer to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

of the Bankruptcy Code.

2.    The first date set for the meeting of creditors in this case was February 7.  The meeting was held and concluded on February 7.  Accordingly this motion is timely pursuant to Rule 1017(e) of the FED. R. BANKR. P.

3.    The debtor's petition and schedules reflect primarily consumer debts as defined by section 101(8).  Docket #1 at p. 6.

4.    The debtor's schedules set forth secured debts totaling $110,920; no priority debts; and unsecured debts totaling $5,054.  Doc #1 at p. 8 (summary).

5.    The debtor's schedule I states gross monthly income of $6,545.59 and net monthly income of $3,775.92.  Docket #1 at pp. 30-31.

6.    The debtor's schedule J sets forth total expenditures of $3,852.  Docket #1 at pp. 32-34.

**BRIEF IN SUPPORT**

7.    Section 707(b)(3) provides, in pertinent part, that "in considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption . . . does not arise or is rebutted, the court shall consider –

      (A)    whether the  filed the petition in bad faith; or

      (B)    the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse."

8.    The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("**BAPCPA**") was intended to address what Congress perceived to be certain abuses of the bankruptcy process.[2]  The BAPCPA thus replaces dismissal based upon "substantial abuse" under pre-BAPCPA §707(b) with a mere "abuse" standard.[3]  Because the standard has been

---

[2]    "Among the abuses identified by Congress was the easy access to chapter 7 liquidation proceedings by consumer debtors who, if required to file under chapter 13, could afford to pay some dividend to their unsecured creditors."  *In re Hardacre*, 338 B.R. 718, 720 (Bankr. N.D. Tex 2006) (citing 151 CONG. REC. S2459, 2469-70 (March 10, 2005)).

[3]    Substantial abuse, required under former section 707(b), is no longer the standard.  Rather, Congress deliberately *lowered* the section 707(b) threshold in the BAPCPA, by substituting mere "abuse" for "substantial abuse."  11 U.S.C. § 707(b)(1); *In re Mestemaker*, 359 B.R. 849, 856 (Bankr. N.D. Ohio 2007); *In re Colgate*, 370 B.R. 50 (Bankr. E.D.N.Y. 2007); *In re Pak*, 343 B.R. 239, 240, n. 2 (Bankr. N.D. Cal. 2006).

lowered, rather than made more stringent, a debtor's ability to repay debts therefore continues to be grounds for dismissal under §707(b)(3).

9.    Pre-BAPCPA the Court of Appeals for the Tenth Circuit addressed section 707(b) in *United States Trustee v. Stewart* (*In re Stewart*), 175 F.3d 796 (10th Cir. 1999). In *Stewart* the Court of Appeals adopted the "totality of the circumstances" test to determine substantial abuse, holding: The "ability to pay is a primary factor in determining whether 'substantial abuse' occurred, we believe other relevant or contributing factors, such as unique hardships, must also be examined before dismissing a Chapter 7 petition. Conversely, where an inability to pay exists, we believe other factors may nevertheless establish substantial abuse." *Id*. at 809.

10.    The *Stewart* court also considered the circumstances which resulted in the bankruptcy filing. In finding the debtor had not suffered any emergency, disaster, or untenable situation, the court held that "[b]ankruptcy relief is not intended to remedy the consequences of extravagant spending." *Id.* at 809-10. Other relevant factors can include:

a.    The existence of unique hardships, such as sudden illness, calamity, disability or unemployment;

b.    Whether, at the time the debts were incurred, the debtor's cash advances and expenses far exceeded the debtor's ability to pay;

c.    Whether the debtor enjoys a stable source of future income;

d.    Whether the debtor's expenses could be reduced without depriving the debtor and the debtor's family of the necessities of life like food and shelter;

e.    Whether the debtor is eligible for chapter 13 relief;

f.    Whether the debtor has demonstrated good faith in filing for Chapter 7 relief; and,

g.    Whether the debtor's schedules accurately reflected the 's true financial condition.

*Id*. at 809-10.

11.    Applying the factors recognized by *Stewart* to this case demonstrates the following:

a.    The debtor has not alleged any calamity or other undue hardship;

Moreover, the prior statute's presumption in favor of granting the relief requested by the debtor was omitted in the BAPCPA amendments. *Id.*

b.      The debtor's consumer purchases may have been excessive but are within his ability to pay through the provisions of a chapter 13 plan;

c.      The debtor enjoys a stable source of income;

d.      The debtor has deductions or expenses which can be reduced or eliminated, including, voluntary retirement contributions ($392.73), loan repayment ($346.71), telephone and internet ($400), and transportation expenses ($400);

e.      The debtor is eligible for chapter 13 relief;

f.      The debtor's good faith may be questioned in filing for chapter 7 relief because his unsecured debts are manageable and within his ability to pay.  In addition, it appears the debtor is preferring himself over his unsecured creditors by continuing to contribute to his retirement account and repay his retirement loans;[4] and

g.      The debtor's Schedules I and J should be amended to provide for only those future expenses which are actual and necessary.

**Examination of the debtor's Ability to Pay:**

12.     The debtor's Schedule I and J demonstrates that he could no pay anything to unsecured creditors over the course of 60 months.[5]

13.     The UST has calculated the debtor's monthly gross income to be $7,400.76, with net monthly income of $5,063.53.

14.     The UST has compiled a totality of the circumstances analysis using IRS expenses allowed as deductions for the means test calculation compared to the debtor's Schedule I and J amounts.  That comparison is set forth in UST Exhibit "A" attached to this motion, which demonstrates $58,111.80 should be available to creditors over 60 months based

---

[4]     In the case of *Woody v. United States Department of Justice* (*In re Woody*), 494 F.3d 939, 951-53 (10th Cir. 2007), the Tenth Circuit Court of Appeals recognized the unfair nature of a debtor preferring himself at the expense of his creditors by continuing to make voluntary retirement contributions and retirement loan repayments.

[5]     The debtor enjoys a stable source of income and he has neither indicated any anticipated decrease in income at line 13 of Schedule I, nor has he indicated any anticipated increase in expenses at line 24 of Schedule J.

upon monthly disposable income of $968.53.[6]

15.     In this case, the UST submits that the debtor's ability to pay constitutes abuse, and the other factors courts commonly considered prior to the BAPCPA do not cast doubt on the stability of the debtor's future financial situation or otherwise weigh against dismissal of this case.

WHEREFORE, based upon the foregoing, the United States Trustee respectfully requests this Court to enter an order dismissing this case pursuant to section 707(b)(1) of the Bankruptcy Code under the totality of circumstances; for conversion of this case to one under chapter 11 or 13, if acceptable to the parties; and for such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted,

SAMUEL K. CROCKER
UNITED STATES TRUSTEE

s/ Charles E. Snyder
Charles E. Snyder, OBA #8441
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK  73102
(405) 231-5961/231-5958 [fax]
Charles.Snyder@usdoj.gov

**CERTIFICATE OF MAILING**

This is to certify, under penalty of perjury, that on February 17, 2017, the foregoing motion was mailed, postage prepaid, to those parties in interest set forth on the mailing matrix attached to the original motion filed with the Court.

s/ Charles E. Snyder
Charles E. Snyder, OBA #8441

---

[6]     While the Court is not required to use the IRS standards under a section 707(b)(3) analysis, those standards are some evidence of reasonableness which the Court may consider.  *In re Tally,* 389 B.R. 741 (Bankr. W.D. Wash. 2008); *In re Gonzales,* 378 B.R. 168, 175 (Bankr. N.D. Ohio 2007) (IRS standards considered as a "pole for guidance" in determining the reasonableness of expenses).